## Ida Senstock, Appellee, v. Royal Tailors, Appellant.

### Gen. No. 18,939.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed with finding of fact. Opinion filed May 20, 1914. Rehearing denied June 1, 1914. *Certiorari* denied by Supreme Court (making opinion final.)

### Statement of the Case.

Action by Ida Senstock against Royal Tailors, a corporation, to recover for personal injuries sustained by plaintiff who was employed by defendant as a forewoman in a building occupied by the defendant. The plaintiff was injured in attempting to open a door leading to the street. The door was one which closed automatically and consisted of a wooden frame six and one-half inches wide at the top and sides and four-

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number,

teen inches wide at the bottom, inclosing a pane of glass nineteen inches wide and six feet in height. The evening before the accident the glass was broken and boards were nailed across the middle of the door and the next morning when plaintiff returned to work the boards were still across the door. In the evening when plaintiff started for home the boards had been removed and the door had been cleared of the shattered glass. When plaintiff reached the door several persons had passed out and the door was released and closing automatically and plaintiff put out her right hand against it to prevent it from closing and for the purpose of pushing the door open so she could pass out. As she put out her hand, she turned her head to avoid the glare of the sun in her eyes, and her hand was only partially placed against the inside of the door frame. In exerting the pressure necessary to prevent the door from closing and to open it her hand slipped from the edge of the frame' and went through the opening caused by the absence of the glass and she was precipitated through the opening onto the sidewalk and injured. The declaration charges defendant with negligence in permitting the door to remain without the pane of glass; in permitting the door to remain without said pane of glass without notice to plaintiff and without placing some means of protection or guard across the space where said glass had been in the door. Plaintiff recovered a verdict and judgment against defendant for two thousand five hundred dollars, and to reverse the judgment, defendant appeals.

Miller, Gorham & Wales and W. G. Shockey, for appellant.

W. Knox Haynes and Michael Feinberg, for appellee.

Mr. Justice Baume delivered the opinion of the court.

Harm v. Chicago City Ry. Co., 187 Ill. App. 71.

## Abstract of the Decision.

MASTER AND SERVANT, § 128*—*when servant's recovery for injuries resulting from want of glass in entrance door not sustained by evidence.* In an action by plaintiff against her employer for personal injuries resulting from want of a glass in a door. at the entrance to the building where plaintiff in attempting to pass out on her way home from work placed her hand on the frame of the door and in exerting pressure to prevent it from closing and to open it her hand slipped and she fell through the opening, *held* that a verdict for plaintiff was not sustained by the evidence, it appearing the absence of the glass was so obviously apparent that her failure to observe the condition of the door could only be attributed to heedlessness on her part.